MAURICE BRONFMAN AND SEYMOUR BRONFMAN, PLAIN-
TIFFS, v. MURRAY GREENE, t/a INDUSTRIAL CREDIT
CO., DEFENDANT AND THIRD-PARTY PLAINTIFF-AP-
PELLANT, v. AMERICAN TITLE INSURANCE CO., A
BODY CORPORATE, THIRD-PARTY DEFENDANT-RE-
SPONDENT.

Argued January 21, 1969—Decided March 3, 1969.

*Mr. Peter Frederick Williams* argued the cause for appellant (*Messrs. Williams, Willette and Faccone,* attorneys).

*Mr. Francis F. Welsh* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. We granted certification, 52 *N. J.* 532 (1968), to review a judgment of the Appellate Division which affirmed a judgment of the Chancery Division.

In substance, a mortgagee, who had expected to hold a second mortgage but in fact received a third mortgage, sued the title company for failing to reveal the intervening encumbrance. It is clear that the title company had agreed to search and to issue a title policy. The intervening mortgage was recorded after the title company had issued a binder based upon a preliminary search. Counsel for the claimant says he notified the title company that he had to close on a specified date because time had been made of the essence on a related sale, and that he ordered a run-down and report to be made on the date fixed for closing, to which the title company agreed. The trial court found, and we think correctly, that this order was made, and that the officer of the title company either misunderstood or forgot. The trial court, however, concluded that the counsel for the mortgagee should have detected from the letter, hand-delivered to his representative on the date of the closing, that the search had not been continued. We think that conclusion was incorrect, not because of any conceptual problem in barring a contractual claim upon a finding of contributory fault, but rather because under the circumstances the letter did not alert counsel to the error. The judgment is therefore reversed.

Meanwhile, we are told, the first mortgage has been fore-closed. Whether the claimant has been damaged by the title company's breach, and if so, in what amount, will depend upon further proof.

The judgment is reversed and the matter remanded to the Chancery Division for further proceedings not inconsistent herewith.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and HANEMAN—6.

*For affirmance*—None.